IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TERENCE ARMSTEAD, BERNARD ARTUMUS, MERANDA BICE, WILLIAM BOOZE JR., JESSICA BOLTON, BRIAN BRIDGES, MARKUS BROWN, CHARLES BURGESS, BRITT CAUDLE, FANNIE CHAM, RYAN CRAFT, BEN CREEKMORE, AMBER LEA DAVIS, PATRICIA DEAN, STARSHEEMA DRAKE, TRAVIS FLOYD, JOHN GILSTRAP, BYRON GRAHAM, SHERRI GRANT, MATTHEW HAECKER, BRANDON HARRIS, MARY HARRIS, LAMAR HAYES, MARIUS HAYNES, DERRICK HAZELWOOD, FREDRICK HOXIE, JASMINE JORDAN, STEVEN LINER, JANAYE LOCKETT, PORTIA MANNING, STEVE REID, TAHIRA SAWADOGO, REBECCA SCHWAM, JERRY SIMS, GOLDEN SMITH, ALTON STARR JR., NICOLE STEVENS, STEPHEN VENTRE, REBECCA WAUGH, MARCIA WILLIAMS, INDIVIDUALLY<br><br>      Plaintiffs,<br><br>vs.<br><br>YOUTH VILLAGES, INC.<br><br>      Defendant. | CIVIL ACTION FILE NO.:<br>_____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

1

COME NOW Plaintiffs Terence Armstead, Bernard Artumus, Meranda Bice, William Booze Jr., Jessica Bolton, Brian Bridges, Markus Brown, Charles Burgess, Britt Caudle, Fannie Cham, Ryan Craft, Ben Creekmore, Amber Lea Davis, Patricia Dean, Starsheema Drake, Travis Floyd, John Gilstrap, Byron Graham, Sherri Grant, Matthew Haecker, Brandon Harris, Mary Harris, Lamar Hayes, Marius Haynes, Derrick Hazelwood, Fredrick Hoxie, Jasmine Jordan, Steven Liner, Janaye Lockett, Portia Manning, Steve Reid, Tahira Sawadogo, Rebecca Schwam, Jerry Sims, Golden Smith, Alton Starr Jr., Nicole Stevens, Stephen Ventre, Rebecca Waugh, Marcia Williams (collectively, "Plaintiffs") in their individual complaint against Defendant Youth Villages, Inc. (hereinafter "Youth Villages") and show the Court as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.

This is an action arising out of the Fair Labor Standards Act 29 U.S.C. §§ 201-216. Plaintiffs originally opted into a collective action with a Civil Action File Number of 1:13-cv-03910-SCJ. On June 26, 2015 Judge Judges decertified the action and dismissed these opt-in Plaintiffs without prejudice. Without waiving their right to appeal this decertification order upon entry of a final judgment in the original action, Plaintiffs file this action individually. Plaintiffs additionally

maintain that their respective statutes of limitation relates back to the date established in the 1:13-cv-03910-SCJ action.

2.

Plaintiffs are all former or current employees of Youth Villages, who was Plaintiffs' FLSA employer for the relevant period of time. Plaintiffs served in the capacity of teacher counselors and/or lead teacher counselors and were paid varying weekly amounts. Each Plaintiff was subject to a Youth Villages policy to automatically deduct "break time" even when Plaintiff worked through these supposed breaks and/or later subject to a policy whereby Youth Villages involuntarily and without authorization clocked Plaintiffs out for "breaks" that were not taken. Plaintiffs were not paid the full amount of overtime required by the FLSA.  Plaintiffs bring this action to recover from Defendant unpaid overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), (the "Act" or "the FLSA") as described below.

3.

Plaintiffs bring this FLSA complaint and seek relief challenging, among other things, Defendant's failure to pay overtime as a result of its improper use of the fluctuating workweek method and failure to pay employees full overtime compensation for all hours worked as a result of its unauthorized deduction of

"breaks." The claims are for overtime compensation, liquidated damages, interest, attorneys' fees, and costs. Plaintiffs hereby consent to be part of this action.

4.

At all times relevant hereto, Youth Villages was and is a Tennessee corporation doing business in this judicial district and with its principal place of business at 1777 Northeast Expressway, Suite 150, Atlanta, Georgia 30329. Defendant is subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

5.

Defendant is a covered "employer" under the FLSA under the FLSA, 29 USC 203.

6.

Youth Villages is a covered "employer" under the FLSA because Defendant is an institution primarily engaged in the care of the emotionally disturbed persons that live on its premises. 29 U.S.C. § 203(r)(2)(A). More than fifty percent of Youth Village's residents have been evaluated for mental or emotional disturbance by a qualified physician, psychiatrist, or psychologist either subsequent to admission to the institution or preceding admission and if the evaluation is the cause for referral.

4

7.

Defendant's website describes its services by stating, "Youth Villages' residential treatment programs serve boys and girls with serious to severe emotional and behavioral problems combined with other needs. … Almost 95% of those admitted have multiple presenting issues." http://www.youthvillages.org/what-we-do/residentialprograms.aspx#sthash.Q4BjIK3m.dpbs.    Defendant's website further elaborates, "The Youth Villages Inner Harbour Campus is one of Georgia's largest psychiatric residential treatment programs for seriously emotionally disturbed children and youth." http://www.youthvillages.org/what-we-do/residential-programs/inner-harbourcampus.aspx#sthash.9Hg5hoof.dpbs

8.

Defendant is a covered employer and subject to the FLSA because Defendant performs activities "in connection with the activities of a public agency" pursuant to 29 U.S.C. § 203(r)(2)(C).  Defendant's website states, "Youth Villages entered Georgia in 2008 at the request of the commissioner of the Department of Human Resources..." http://www.youthvillages.org/Portals/0/PDFs/media_section/YV11-GA-3yreportlowres.pdf

9.

Plaintiffs are individually covered under the FLSA because Plaintiffs' work constitutes an engagement in interstate commerce, or the production of goods for

5

interstate or foreign commerce, including any closely related process or occupation directly essential to such production. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period.  Plaintiffs' work for the Defendant engaged in interstate commerce for the relevant time period because Defendant operates in numerous states and/or Plaintiffs' employment utilized telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state and/or utilized the materials that are transported through interstate commerce prior to and/or subsequent to Plaintiffs' work with same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

10.

This Court has original jurisdiction based upon the Plaintiffs' FLSA allegations pursuant to 28 U.S.C. §1331 and 1337.  Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c) because the Defendant does business in this district and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

### A. Defendant Failed to Pay Plaintiffs for All Hours Worked

11.

Plaintiffs were regularly scheduled to work forty-two and one-half hours per week. Between the commencement and the termination of Plaintiffs' employment, Plaintiffs in some weeks worked far in excess of this schedule but were not paid overtime for all hours worked in excess of forty and not paid full overtime wages for those weeks.

12.

From March 2010 until April 2014, Defendant had an automatic break deduction policy. Specifically, under the policy for every six hours worked, Defendant deducted one -thirty minute break from its calculation of the number of hours worked by Plaintiffs, regardless of whether Plaintiffs actually took these breaks. This policy resulted in the deduction of one-thirty minute break during eight hour shifts and the deduction of two-thirty minute breaks during sixteen hour shifts from Defendant's calculation of the number of hours worked by Plaintiff.

13.

After April 2014, Defendant supposedly abandoned its automatic break deduction policy. Under the new policy, breaks should only be deducted if an employee clocks out for the break. This policy has been a sham. In practice, rather

than have the time system automatically deduct the break time, supervisors involuntarily and without authorization manually clocked employees out for breaks that were not taken.

14.

Both before and after the April 2014 policy change, because Defendant is commonly short staffed and for other reasons, Plaintiffs were regularly unable to take all of their breaks.

15.

Despite the fact that Plaintiffs commonly worked through their "breaks," both before and after the April 2014 policy change the Defendant and its managers deducted the "breaks" (at first automatically and later manually) from the Plaintiffs' number of hours worked.

16.

Defendant did not accurately record the number of hours worked by Plaintiffs, did not properly calculate Plaintiffs regular rate, and did not properly pay Plaintiffs for all hours worked, including overtime.

**B. Any Overtime Paid to Plaintiffs was Improperly Calculated under the Fluctuating Workweek Method**

17.

If Defendant paid Plaintiffs overtime, said overtime was improperly calculated using the fluctuating workweek method. Because Defendant did not comply with the Federal Regulations the fluctuating workweek method employed by Plaintiffs erroneously calculated Plaintiffs overtime rate to be one-half Plaintiffs regular rate, instead of one and one-half of Plaintiffs regular rate in violation of the FLSA.

18.

Youth Villages improperly utilized the fluctuating workweek method of calculation in violation of the Federal Regulations for at least the following reasons:

1. *Improperly Deducted "Breaks"*

19

As more fully described above, Youth Villages deducted "breaks" (automatically then manually) from the number of hours worked by Plaintiffs, even though Plaintiffs regularly did not take and Defendant's supervisors should have known that Plaintiffs regularly did not take said "breaks."

20.

There was not an accurate or clear mutual understanding between Plaintiffs and Youth Villages that Plaintiffs were to be paid for all hours in excess of the

statutory maximum at a rate not less than one-half the regular rate of pay because Youth Villages deducted "breaks" from the number of hours worked by Plaintiffs when Plaintiffs had worked through said "break."

21.

Because Defendant improperly recorded the number of hours actually worked by Plaintiffs, it failed to properly calculate Plaintiffs' regular rate pursuant to 29 CFR 778.114, which requires that Defendant determine the regular rate by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week

22.

Because Defendant improperly calculated the number of hours worked and the regular rate, it also failed to pay overtime at half of the regular rate for all hours worked in excess of forty hours per week. *See* 29 CFR 778.114.

2. *No Fixed Base Salary*

23.

Upon information and belief, Villages at times paid some or all Plaintiffs less than their full base salary.

24.

Youth Villages did not pay a fixed amount as straight time pay for whatever hours an employee is called upon to work in a workweek, whether few or many in violation of 29 C.F.R. § 778.114(a).

25.

Because of Youth Villages' policy and practice, Plaintiffs did not have a clear mutual understanding that Plaintiffs would be paid a fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. 29 C.F.R. § 778.114(a).

3. *Lack of Fluctuating Schedule*

26.

Plaintiffs were scheduled to work weekly shifts amounting to forty-two and one half hours. Plaintiffs were never scheduled to work less than forty hours per week. Unless they took accrued leave, Plaintiffs were required to work a minimum of forty hours per week.

27.

Defendant improperly calculated some or all Plaintiffs overtime under the fluctuating workweek method because the Plaintiffs did not have a fluctuating schedule. *See* 29 CFR 778.114.

## COUNT I: FLSA VIOLATIONS

28.

Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

29.

Defendant's policies as stated above have caused Plaintiffs to be deprived of wages due them.

30

Payment for all hours worked in overtime workweek is required by federal law including but not limited to by 29 CFR § 778.315.

31.

Plaintiffs are entitled to overtime compensation for those hours worked in excess of forty (40) hours. 29 C.F.R. § 778.101. When Plaintiffs worked more than forty (40) hours during a week, Defendant did not compensate Plaintiffs at a rate of one and one half-times the regular rate at which Plaintiff was actually employed for the first forty (40) hours. 29 C.F.R. § 778.107.

32.

Defendant improperly calculated any overtime that was paid to Plaintiffs pursuant to the fluctuating workweek method, because all of the legal prerequisites for use of the 'fluctuating workweek' method of overtime payment are not present.

33.

29 C.F.R. § 778.114(a) sets out five prerequisites for application of the flexible work week method: (1) employee has work which fluctuate from week to week; (2) he receives a fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many; (3) a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek; (4) the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate; and (5) he receives extra compensation for all overtime hours worked at a rate not less than one-half his regular rate of pay.

34.

The plain terms of 29 C.F.R. § 778.114(c) provide that unless "all the legal prerequisites" for applying the flexible work week method are present, an employer cannot avail itself of the flexible work week method for calculating overtime wages.

35.

Since the fluctuating work week method cannot apply, the "statutory" method of multiplying the employee's regular hourly rate by one and one-half and then by the number of hours worked over forty (40) in each work week is the applicable overtime pay computation method.

36.

Defendant's policies as stated above constitute a violation of the FLSA, requiring a payment for all hours worked and requiring time and one half rate to be paid for all overtime hours worked, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 778.

37.

Under 29 U.S.C. 216(b), Defendant is liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

38.

Defendant was well aware that Plaintiffs were not taking breaks and Plaintiffs were not being paid overtime previously defended FLSA claims against them and is well aware of their obligations under the FLSA. Additionally, Plaintiffs commonly complained to Defendant that they worked hours for which they were not paid.

39.

Because Defendant had knowledge that Plaintiffs did not take breaks, was aware of Plaintiffs complaints regarding lack of payment and was aware of the job offers it provided to Plaintiffs, Defendant knew its conduct violated the FLSA or

Defendant acted with reckless disregard as to whether its conduct was prohibited by the statute.

40.

Accordingly, Defendant has willfully violated the FLSA, 29 U.S.C. 201 et. seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

a. A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b. An award of past due wages for each Plaintiff, together with interest thereon;

c. That the Court award Plaintiffs liquidated damages, together with interest thereon;

d. That this Court issue a permanent injunction against Defendant, prohibiting Defendant from further acting in violation of the FLSA;

e. That is this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation; and

g. That Plaintiffs be awarded compensatory and consequential damages and attorneys' fees and expenses of litigation for the violations of state law alleged herein.

      i.      Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

This 10th day of July, 2015.

                              Respectfully submitted,

                              By: /s/ Douglas R. Kertscher
                                   Douglas R. Kertscher
                                   Georgia State Bar No. 416265
                                   Julie Hoehn Burke
                                   Georgia State Bar No. 448095

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA  30339
Telephone:  770-953-0995
Facsimile:  770-953-1358
Email:      drk@hkw-law.com
Attorney for Plaintiffs